## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RUTHIE TULLY and JOHN TULLY | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NUMBER: |
| | * | |
| DOLLAR TREE STORES, INC. | * | SECTION: |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### NOTICE OF REMOVAL

Dollar Tree Stores, Inc., defendant, files this Notice of Removal of this cause from the 4th Judicial District Court, Parish of Morehouse, State of Louisiana, in which it is now pending, to the United States District Court for the Western District of Louisiana. This removal is predicated upon the fact that there is diversity of citizenship between the parties in this litigation and the amount in controversy exceeds the federal jurisdictional amount, exclusive of interest and costs.

1. This case was commenced in the 4th Judicial District Court for the Parish of Morehouse, State of Louisiana, on July 8, 2014, with citation and plaintiffs' petition for damages setting forth the claim for relief upon which this action is based. Pursuant to 28 U.S.C. 1446(a), copies of all process, pleadings and all orders of the court in the state action are attached hereto as Exhibit A in globo.

2. This action is one of a civil nature for alleged personal injury.

3. Upon information and belief, plaintiffs are citizens of the State of Louisiana.

4. Dollar Tree Stores, Inc. is and was at the time of filing of plaintiffs' petition, a foreign corporation, with its principal place of business in Virginia and incorporated in Virginia.

5. The above described action is one over which this court has original jurisdiction under the provisions of 28 U.S.C. 1332, in that plaintiffs answered a Pre-Answer Interrogatory indicating that plaintiffs contend that the claim exceeds $75,000. (Exhibit "B"). Additionally, plaintiff Ruthie Tully pled for physical disability, and future disability and past and future medical expenses. (See Paragraphs 10, 11 and 20 of plaintiffs' petition attached within Exhibit "A"). Plaintiff Ruthie Tully further alleges that she requires surgery due to a rotator cuff rupture. (Petition, paragraph 20) Further, the controversy is wholly between citizens of different states. Therefore, pursuant to the provisions of 28 U.S.C. 1441, this case may be removed to the United States District Court for the Western District of Louisiana.

6. Plaintiffs initially named as defendants a store manager for Dollar Tree, Mark Mason, a Louisiana citizen whose citizenship prevented jurisdiction from attaching to this action. On June 25, 2015, on the Motion for Summary Judgment filed by defendants Dollar Tree Stores, Inc. and Mark Mason, all claims against Mr. Mason, the only non-diverse defendant, were dismissed with prejudice. Defendant avers that no viable claim existed against Mr. Mason.

7. Plaintiff Ruthie Tully recently underwent MRIs of her shoulder and cervical spine on February 6, 2014. As a result of those studies, Dr. deGravelle commented: (Exhibit "C")

"The MRI of the shoulder showed AC joint arthritis with subacromial bursitis with the degree of tendinopathy of the supraspinatus and infraspinatus with a PASTA-type tear and also with near rupture of her biceps tendon and some posterior deltoid infiltration and atrophy which could be consistent with a traction injury.

The cervical spine MRI showed some moderate spondylosis at C6 and C7 with some foraminal stenosis on the left at C7.

Plan:

At this point, I think she would benefit from surgical treatment of this consisting of a right shoulder arthroscopy with subacromial bursectomy and acromioplasty with distal clavicle excision of her biceps tenotomy. I would also evaluate her rotator cuff and if it is near completely torn then completing the tear and repairing it would also benefit her."

8. Sec. 1446(b) Procedure for removal states as follows:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case nay not be

removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Please note, per *Eggert v. Britton*, 223 Fed. Appx. 394 C.A. 5 (Tex), 2007:

> Under Fifth Circuit law, correspondence between parties and discovery-type documents may constitute "other paper" under certain circumstances. See *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996). Defendants argue that the "Statement of Privilege" constituted "other paper" sufficient to raise a federal question and establish federal jurisdiction.
>
> In most cases, when courts look to "other paper" to ascertain removability, courts are clarifying that diversity jurisdiction has been established. Typically, a plaintiff will have brought a state law claim against a diverse party but will not have alleged the amount in controversy in the complaint; a later document will then establish a sufficient amount in controversy, creating federal diversity jurisdiction. See, e.g., *Addo*, 230 F.3d at 761 (looking to demand letter that established the amount in controversy); *S.W.S. Erectors, Inc.*, 72 F.3d at 494 (looking to deposition testimony that established the amount in controversy). See also *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1078 (10th Cir. 1999) (looking to deposition testimony that established the amount in controversy).

See also *Lee v. Advanced Fresh Concepts Corp.*, 76 Fed. Appx. 523 C.A. 5 (La.), 2003:

> Thus, "the case stated by the initial pleading [was] not removable." 28 U.S.C. § 1446b). But, "a notice of removal may be filed within thirty days after receipt by the defendant...of other paper from which it may first be ascertained that the case...has become removable." Id. "[A] post-complaint letter, which is not plainly a sham, may be 'other paper' under § 1446-(b)." *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000) (footnote omitted). The court therefore held that the case became removable when Lee sent the demand letter, but the court remanded because AFC's removal three months later was untimely."

9.   Louisiana jurisprudence has held that general damage awards for rotator cuff surgery alone exceed the jurisdictional amount.

In the case at bar, plaintiff's physician is recommending two procedures – one to the rotator cuff and a second to repair an alleged biceps injury.

The following cases involve injuries which are similar to, but less severe than that the alleged damages in this action. The following cases awarded damages equal to or greater than the jurisdictional amount in general damages only, excluding medical expenses:

$250,000 general damages awarded for rotator cuff surgery and resulting depression and lingering pain. Scharfstein v. Avena Shipping of Cyprus, 131 So.2d 256 (La. App. 5th 2013);

$150,000 general damages awarded for arthroscopy and rotator cuff surgery. Quinn v. Wal-Mart Stores, 774 So.2d 1093 (La. App. 2nd Cir. 2000);

$131,690 general damages awarded for one rotator cuff surgery. Corliss v. Benton Towers Partnership, 799 So. 2d 525 (La. App. 4th Cir. 2001);

$85,000 general damages awarded for torn rotator cuff which could not be surgically repaired. Rayburn v. Ponthieux, 902 So.2d 1136 (La. App. 3rd Cir. 2005);

$79,255 general damages awarded for two arthroscopic surgeries. Poche v. Allstate Ins. Co., 900 So.2d 55 (5th Cir. 2005);

$75,000 general damages awarded for the plaintiff's shoulder and neck injury which included surgical repair of a torn rotator cuff. Ezernack v. Progressive Sec. Ins. Co., 899 So.2d 870 (La. App. 3 Cir. 4/6/05).

10.   Plaintiff stated in correspondence through her counsel on July 6, 2015, her belief that her claims exceed the value of $75,000. (Exhibit "D") Defendant further shows that plaintiff refused to stipulate that the damages are less than the jurisdictional amount and

5

has, in fact, reiterated that plaintiff is claiming more than $75,000 in damages. Under the holding of DeAguilar v. Boeing Co., 11 F.3d 55 (5th Cir. 1993), plaintiffs' failure to stipulate to damages less than the jurisdictional amount vests jurisdiction in this court.

11. Article 893, Louisiana Code of Civil Procedure, requires that plaintiff indicate in the petition, that the amount in controversy does not exceed $75,000.00.

12. Article 893, Louisiana Code of Civil Procedure states in pertinent part the following:

> "No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises **except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages,** or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required. By interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter be supplemented as appropriate."

13. Defendant shows that the remaining parties are of diverse citizenship and the amount of damages alleged exceeds $75,000. Further, plaintiffs have indicated that they seek more than $75,000 in damages and have refused to stipulate to less than $75,000. This matter clearly falls within this court's jurisdiction under 28 U.S.C. 1332.

Respectfully submitted,

UNGARINO & ECKERT LLC

_____
J. MICHAEL NASH (#27021)
910 Pierremont Road, Suite 103
Shreveport, Louisiana 71106
Telephone:   318/866-9598
Fax:              318/866-9598
mnash@ungarino-eckert.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing pleading upon all counsel of record, either by
- x  electronic delivery,
- ☐  facsimile, or by
- ☐  United States mail, properly addressed and first class postage prepaid on the __X__ day of __July__, 2015.

_____
J. MICHAEL NASH